| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:16-CR-71 (4) |
| | § | |
| RIGOBERTO AVALOS-PEREZ | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Rigoberto Avalos-Perez's ("Avalos-Perez") *pro se* Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) (#302), wherein Avalos-Perez seeks relief from the court's order denying his request for a safety valve adjustment pursuant to 18 U.S.C. § 3553(f) and United States Sentencing Guidelines ("USSG") § 5C1.2(a).  The Government filed a response (#312) in opposition.  Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

On June 1, 2017, pursuant to a non-binding plea agreement, Avalos-Perez pleaded guilty to Conspiracy to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, the sole count of the Third Superseding Indictment.  As part of his plea agreement, Avalos-Perez admitted in his factual basis that he knew the drug trafficking conspiracy involved at least 5 kilograms but less than 15 kilograms of a mixture or substance containing a detectable amount of cocaine.  Although Avalos-Perez asserted that he was eligible for a safety valve adjustment at the time of sentencing, the Government maintained that he failed to debrief truthfully as required by 18 U.S.C. § 3553(f)(5) and USSG § 5C1.2(a)(5).  On January 29, 2018, the court sentenced Avalos-Perez to 120 months of imprisonment—the statutory minimum—followed by a 5-year term

of supervised release. On February 23, 2018, the court reduced Avalos-Perez's term of imprisonment from 120 months to 76 months.

Avalos-Perez filed the instant motion on August 27, 2019, requesting that the court apply the safety valve adjustment to his sentence pursuant to its authority under Federal Rule of Civil Procedure 60(b)(6). He also argues that defense counsel was ineffective by failing to make a more forceful argument for a safety valve adjustment during sentencing and that the court erred by sentencing him to the statutory minimum under 21 U.S.C. §§ 846 and 841(b)(1)(A) instead of the USSG range of 57 to 71 months of imprisonment. In response, the Government asserts that the Federal Rules of Civil Procedure do not apply in criminal proceedings and that the court lacks the statutory authority to modify Avalos-Perez's sentence under these circumstances.

II.   Analysis

The court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons, or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear

error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Avalos-Perez fails to identify grounds for modification of his prison sentence that fall into any of the above-listed categories. Instead, he relies on Rule 60 of the Federal Rules of Civil Procedure, which does not apply because this is a criminal proceeding. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts . . . ." (emphasis added)); *United States v. Rico*, 797 F. App'x 176, 176 (5th Cir. 2020) ("Rule 60 does not apply in criminal proceedings." (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1991))); *United States v. Fuller*, 459 F. App'x 346, 346 (5th Cir. 2012) ("Rule 60(b) [of] the Federal Rules of Civil Procedure do[es] not apply to criminal cases."). Avalos-Perez asserts that defense counsel was ineffective for failing to challenge the court's adoption of the Presentence Investigation Report ("PSR") vigorously and to make a cogent, persuasive safety valve argument at sentencing. To obtain relief on the grounds of ineffective assistance of counsel, a defendant must establish (1) "that counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 744 (2019); *Weaver v. Massachusetts*, ___ U.S. ___, 137 S. Ct. 1899, 1910 (2017); *Nelson v. Davis*, 952 F.3d 651, 659 (5th Cir. 2020).

Avalos-Perez's conclusory allegations of ineffective assistance of counsel fall far short of meeting this standard.

The court may impose a sentence below the statutory minimum sentence for certain offenses where five criteria are met:

(1)   the defendant does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2)   the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)   the offense did not result in death or serious bodily injury to any person;

(4)   the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and

(5)   not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *United States v. Anchundia-Espinoza*, 897 F.3d 629, 632-33 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019); *United States v. Cruz-Romero*, 848 F.3d 399, 401 (5th Cir.), *cert. denied*, 137 S. Ct. 1606 (2017). As a general rule, the party

seeking a sentencing adjustment has the burden of proving by a preponderance of the evidence facts to support the adjustment. *See Anchundia-Espinoza*, 897 F.3d at 634 (citing *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016)); *Cruz-Romero*, 848 F.3d at 402; *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

Here, the record demonstrates that counsel persistently sought a safety valve adjustment for Avalos-Perez by filing objections to the initial disclosure of the PSR, filing a sentencing memorandum reiterating the objections, and arranging more than one opportunity for Avalos-Perez to debrief before the sentencing hearing. Nevertheless, the revised PSR states:

> The defendant qualifies for subsections (a)(1) through (a)(4) of USSG § 5C1.2, but, per the Assistant United States Attorney, he has not truthfully debriefed. Therefore, he has not met the qualifications for subsection (a)(5). The defendant has up until his sentencing date to truthfully provide to the Government all information and evidence the defendant has concerning the offense.

Counsel's arguments during the sentencing hearing that Avalos-Perez was eligible for a safety valve reduction, no matter how vigorous, would not have altered the Government's position that he had not debriefed truthfully prior to sentencing. Avalos-Perez presented no evidence then, and presents none now, demonstrating that he fully debriefed with the Government. Thus, even if Avalos-Perez could rely on Federal Rule of Civil Procedure 60 to challenge his term of imprisonment, he was not entitled to a safety valve adjustment.

III.   Conclusion

Consistent with the foregoing analysis, Avalos-Perez's *pro se* Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) (#302) is DENIED.

SIGNED at Beaumont, Texas, this 8th day of July, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE